**UNITED STATES DISTRICT COURT**
**Eastern District of Virginia – Alexandria Division**

|  |  |
|---|---|
| MATTHEW A. LeFANDE<br><br>             Plaintiff,<br><br>v.<br><br>JONA MIKELL BLOCKER, *et al.*<br><br><br>             Defendants. | 1:26-cv-1271 (RDA) |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF**
**MOTION TO CONSOLIDATE**

As provided by Federal Rule of Civil Procedure 42, the Plaintiff has moved to consolidate this case with that of 1:24-cv-54-RDA-WEF.  In support of this Motion, the Plaintiff states the following:

STATEMENT OF FACTS AND PROCEEDINGS

1.      The Plaintiff filed suit in 1:24-cv-54 on January 13, 2025.

2.      Timely service of process was made upon each of the Defendants in that case.  However, the return of service for Vladimir Torbenko indicated that service of process was announced in his immediate presence by the process server, but that Torbenko turned and fled.  Contrary to this court's own precedent, the court rejected service upon Torbenko as insufficient under these circumstances.  See *e.g.*, *Mya Saray, LLC v. Al-Amir*, 831 F. Supp. 2d 922, 930 (E.D. Va. 2011) (citing *Ali v. Mid-Atlantic Settlement Svcs., Inc.,* 233 F.R.D. 32, 36-38 (D.D.C.2006)).

1

The court further denied the Plaintiff's Motion for Alternative Service upon Torbenko despite Torbenko's demonstrated effort to evade service.  ECF # 20.

3.    The other Defendants moved to dismiss on February 5, and March 14, 2025 respectively.  ECF # 3 and 13.  The Plaintiff made timely oppositions.

4.    On September 30, 2025, this court granted in part and denied in part those motions.

> Defendants' argument that Plaintiff may not seek injunctive relief, however, is well taken. "Section 1964 does not authorize private RICO plaintiffs to sue for prospective injunctive relief." *Hengle v. Treppa*, 19 F.4th 324, 356 (4th Cir. 2021).  Accordingly, Plaintiff's claims for such injunctive relief will be dismissed.

ECF # 23 at 14.

5.    In response to the court's September 30 Order, this Plaintiff stated:

> It is indeed a curious proposition, that this court can punish the Defendants under RICO, yet is somehow infirm in its *inherent authority* to enjoin the ongoing illegal conduct of the Defendants. Indisputably, both the court and this Plaintiff are presently beholden to the Fourth Circuit's ruling, albeit a position apparently not shared by other circuits examining this issue. This dilemma is obviously immediately remedied by the granting of leave to file an amendment to the Complaint, to incorporate common law and state law parallel claims under pendent jurisdiction and mooting the need to later force the injunction issue at the appellate level.
> …
> As previously recited, the Plaintiff herein reasonably believed at the time of filing that § 1964 (a) and (c) would afford him a complete remedy. Given this circuit's unique interpretation of the statute, that now does not appear to be the case. This Plaintiff faces no statute of limitations issue or otherwise obtaining personal jurisdiction over the Defendants again.  He would simply be left with refiling the case, paying a fee again and re-serving the Defendants to accomplish what should be done with a first amendment to this Complaint.  "We can conceive of no reason for such judicial volleyball."  *Calvin Ki Sun Kim v. United States*, 707 F.3d 335, 336-337 (D.C. Cir. 2013) (quoting *Stanton v. DC Court of Appeals*, 127 F.3d 72, 77 (D.C. Cir. 1997)).

ECF # 26 at 6-7.

6.    The court has not offered further direction on this point in the eight months that have passed since the Plaintiff's tender of this paper to the court.

7.     On May 12, 2026, the Plaintiff filed a new cause of action.  This Complaint included the original Defendants from 1:24-cv-54 but added two additional Defendants.

8.     While the same factual allegations from the 1:24-cv-54 were included, more than twenty-five factual allegations which post-dated the 1:24-cv-54 Complaint were now made a part of the newly filed Complaint.

9.     The new Complaint further included more detailed factual allegations based upon the March 5, 2025 document production by the Bureau of Alcohol, Tobacco, Firearms and Explosives.  The delay in production of such documents by ATF was in violation of both the Freedom of Information Act and the Privacy Act and was not available to the Plaintiff at the time of the filing of the 1:25-cv-54 Complaint by no fault of his own.  The ATF's failure to abide by these statutes continues to injure the Plaintiff and hinder this cause of action.  See *LeFande v. ATF*, 1:24-cv-2311-RDA.

10.     Defendants Floyd Allen, Robert Gudz and William White have now appeared represented by Blocker's attorneys.  These attorneys have filed a Motion to Dismiss claiming, *inter alia*, improper claim splitting by this Plaintiff.  ECF # 4.

11.     Defendant Vladimir Torbenko has failed to appear and is now in default.

12.     On June 1, and July 1, 2026 respectively, those certificates in the Plaintiff's possession ostensibly granting him immunity from the ATF's previously threatened prosecution have now expired.  See Pl.'s Ex. AA-CC.

3

ARGUMENT

"Rule 42(a) of the Federal Rules of Civil Procedure permits the consolidation of actions that pose common questions of law or fact." *Copansky v. Thompson*, 188 F.R.D. 237, 238 (E.D. Va. 1999) (citing *Johnson v. Celotex Corp.,* 899 F.2d 1281, 1284-85 (2d Cir. 1990)). "[T]he Court must conduct a careful inquiry in this regard that balances the prejudice and confusion that consolidation might entail against the waste of resources, the burden on the parties, and the risk of inconsistent judgments that separate proceedings could engender." *Id.* at 238-239 (citing *Arnold v. Eastern Air Lines, Inc.,* 681 F.2d 186, 193 (4th Cir. 1982)).

18 U.S.C. § 1962 (b) criminalizes a pattern of racketeering activity to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce. 18 U.S.C. § 1962 (c) further makes it unlawful for any person employed by or associated with any such enterprise to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity. 18 U.S.C § 1962 (d) makes it unlawful for any person to conspire to violate any of the provisions of these subsections.

On January 22, 2026, Defendant Robert Gudz transmitted over the internet to the Plaintiff a claim that the ATF was coming to the Midland Training Center the following day to conduct a regulatory inspection. V. COMPL. ¶ 125. Such claim was knowingly false, as the ATF had no regulatory inspection of Midland Training Center scheduled whatsoever. *Id*. On January 23, 2026, Gudz, together with Defendants Floyd Allen, William White, and an unidentified fourth person, appeared at Midland Training Center. *Id*. ¶ 126. Gudz is recorded on audio and video demanding entry to the facility, speaking over the facilities gate telephone while displaying a firearm. *Id*.

4

These Defendants were impeded from gaining access to the facility and its firearms only by the Plaintiff's refusal to open a vehicle gate to a ten foot high perimeter security fence with a barbed wire topper, the Plaintiff's refusal to open a metal door to the front of the building with a Simplex push button code lock, the Plaintiff's refusal to open an inner door with a Schlage commercial electronic code lock, the Plaintiff's refusal to open a heavy duty armored bank vault-type door with a Sargent and Greenleaf push button electronic lock inside the cinder block building, the Plaintiff's refusal to open an inner door to the vault with a remote control magnetic lock, a camera and a 128 bit encrypted code card reader, and the Plaintiff's refusal to open a final welded metal grate door with a five pin tumbler keyed mortise lock inside the vault.

Thus, we have two new Defendants, together with at least one prior Defendant, engaged in wire fraud, a conspiracy to commit wire fraud, an attempted armed robbery[1], a conspiracy to commit an armed robbery and violations of the Hobbs Act, 18 U.S.C. § 1951, all predicate racketeering activity under 18 U.S.C. § 1961(a) as part of the same ongoing criminal enterprise prohibited by 18 U.S.C. § 1962 described in the original 2025 Complaint. Yet, the Defendants now demand all causes of action in the 2026 Complaint be dismissed, alleging improper claim splitting. ECF # 4-5.

---

[1] "An attempt to commit a crime is composed of two elements: (1) The intent to commit it; and (2) a direct, ineffectual act done towards its commission." *Fletcher v. Commonwealth*, 72 Va. App. 493, 506 (2020) (quoting *Haywood v. Commonwealth*, 20 Va. App. 562, 56 (1995)). "The direct but ineffectual act is commonly referred to as an 'overt act.'" *Jones v. Commonwealth*, 70 Va. App. 307, 318 (2019) (en banc) (quoting *Jay v. Commonwealth*, 275 Va. 510, 525 (2008)). Herein, the Defendants arrived at Midland Training Center armed and with four large trucks, empty but for their drivers, and demanded entry and access to CPI's firearms upon entirely false pretenses and a pretended claim of government authority. But for some very serious physical impediments to their ingress and the Plaintiff's refusal to submit to their demands, the robbery would have been completed.

"Judicial economy generally favors consolidation…" *Copansky*, 188 F.R.D. at 238.   28 U.S.C. § 1367 "provides for the exercise of pendent party jurisdiction in cases where the pendent party claims derive from the same 'common nucleus of operative facts' as the claims which fall within the district court's original jurisdiction… thereby forming part of the same case or controversy under Article III of the Constitution of the United States."  *Lewis v. United States*, 812 F. Supp. 620, 624 (E.D. Va. 1993) (citing *United Mine Workers v. Gibbs,* 383 U.S. 715 (1966)).

**1.     The Defendants are not the same between the cases and there is no privity of interests between the new Defendants and the existing Defendants.**

As is already demonstrated by the Defendants' present Motion to Dismiss, there are huge conflicts of interest already arising between the Defendants in their respective defenses to the Plaintiff's claims and this representation by the same attorneys under these circumstances is obviously improper.  To maintain any kind of privity of interest, these new Defendants would have to adopt and accept that they were a party to the prior crimes of the existing Defendants and in turn, the existing Defendants would necessarily have to adopt and accept that they were a party to the crimes of January 22 and 23, 2026.  It is simply baffling that the new Defendants would accept concurrent representation by Blocker's attorney, ***if they are even aware that such representation is occurring***,[2] or if they have been properly counseled as to the obvious hazards of such concurrent representation and consented thereto.  See Rule 1.7 of the VIRGINIA RULES OF PROFESSIONAL CONDUCT.  See also VA. SUP. CT. R., pt. 6, sec. II, 1.7, Note [19] (2010) ("when a disinterested lawyer would conclude that the client should not agree to the representation under

---

2      Curiously, Defendant Allen remains represented by entirely different counsel in the 1:25-cv-54 case, and there is no indication in the docket of a withdrawal or substitution of counsel in that case.

the circumstances, the lawyer involved cannot properly ask for such agreement or provide representation on the basis of the client's consent.")

"[I]n a case of joint representation of conflicting interests the evil — it bears repeating — is in what the advocate finds himself compelled to *refrain* from doing…" *Holloway v. Arkansas,* 435 U.S. 475, 490 (1978) [emphasis *sic*].  "[I]n this case [a conflict of interest] may well have precluded defense counsel ... from exploring possible plea negotiations and the possibility of an agreement to testify for the prosecution, provided a lesser charge or a favorable sentencing recommendation would be acceptable." *Id*.

The door is indeed open to any of the Plaintiff's former friends and associates to, here and now, speak candidly to the crimes committed by their co-Defendants and relieve their personal burdens in defending this litigation.  Their cooperation would likely lead to a complete and final dismissal of the cause specifically as to those who so cooperate.  In what manner does counsel for the Defendants now intend to present this proposal to them and what unencumbered advice can they offer these clients individually as to whether they should accept it?  There can be no greater obvious conflict of interest between the parties than the very circumstances presented here.

Each of the Defendants herein is accused of engaging in racketeering activity, and while the instances of the racketeering activity diverge as to particular participants, the Plaintiff alleges that there was a formation of a conspiracy between them and that the enterprise shared common goals.  Such racketeering activity transcended the filing of the 2025 lawsuit and appears to persist to the present day.  So, while there is no privity of interests in the <u>outcome</u> of the lawsuits *as to each Defendant*, there remains a sufficient nexus, *to wit*, the common criminal enterprise, to warrant the matter being tried as a single cause of action.  Thus, dismissal for claim splitting is

contraindicated while consolidation remains appropriate.[3]

#### 2.    Both cases have just begun and no claim preclusion can be asserted.

The doctrine of *res judicata* or claim preclusion is premised on the idea that, when a claim has been fully litigated and come to judgment on the merits, finality trumps.  See *Nevada v. United States,* 463 U.S. 110, 129-30 (1983).  Claim preclusion under federal law has three ingredients: a final decision in the first suit; a dispute arising from the same transaction (identified by its "operative facts"); and the same litigants (directly or through privity of interest).  *Bobby v. Bies,* 556 U.S. 825, 835-836 (2009).  As already recited above, we do not have the same Defendants and the Defendants obviously have a huge conflict of interest between them.  We have separate facts, some of which did not exist at the time of the filing of the first Complaint.  We have multiple new distinct causes of action, in part because the Plaintiff was previously precluded from seeking an equitable remedy.

And of course, there has been no issue yet fully litigated and come to judgment on the merits.  The two matters decided upon the original Motions to Dismiss were that the court found there were allegations of violations of multiple federal statutes sufficient to invoke the court's original jurisdiction, and that the RICO statute would not afford the Plaintiff equitable relief.  The Plaintiff certainly does not dispute the first finding and as to the second, the Plaintiff has

---

3    Defendants' counsel fail to explain how parties who have never been before the court in this matter, and stand accused of crimes independent of the original action and postdating the original action, can now be outright dismissed simply because there was a prior action filed in this court regarding some shared facts, yet remaining completely alien to them.  The claims against the new Defendants may stand alone as a cause of action under federal original and supplemental jurisdiction.  Nonetheless, all of these claims should be tried together in the interests of judicial economy.

sought to resolve what he believes to be an extraordinary situation, where the court has declined to exercise its inherent equitable powers to inhibit criminal conduct.

The Plaintiff made it clear in November of last year that he intended to add parallel state law claims to come to terms with this situation and avoid unnecessary appellate actions to resolve the conflict. This court remained silent on this point for eight months following the Plaintiff's proclamation. At no time has the court asserted that the Plaintiff was precluded from bringing additional state law and common law claims under pendent jurisdiction, particularly where the court has decided none of the existing claims and no discovery has been yet permitted. Some of these claims are certainly derived from the existing recited facts, while others rely on separate events perpetrated by the Defendants against the Plaintiff herein.

CONCLUSION

For these reasons, the reasons set forth in the attached Opinion of the Western District of Pennsylvania, and the entire record herein, the Plaintiff's Motion to Consolidate should be GRANTED.

Respectfully submitted this sixth day of July, 2026,

_____
Matthew A. LeFande
PO Box 22
Midland VA 22728
540 346 3760
matthew.lefande@cpi-va.us
PLAINTIFF, *pro se*

9