FILED
7/24/2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

**UNITED STATES DISTRICT COURT**
**Eastern District of Virginia – Alexandria Division**

|  |  |
|---|---|
| MATTHEW A. LeFANDE<br><br>                    Plaintiff,<br><br>v.<br><br>JONA MIKELL BLOCKER, *et al.*<br><br><br>                    Defendants. | 1:26-cv-1271 (RDA) |

**REPLY IN SUPPORT OF PRELIMINARY INJUNCTION**

The Defendants' Opposition to the Plaintiff's Motion for a Preliminary Injunction is extraordinary.  Despite the Plaintiff's production of extensive evidence of mail fraud, wire fraud, assault, violations of the Internal Revenue Code and the federal firearms laws, the Defendants fail to contest a single factual allegation nor challenge authenticity or accuracy of a single document offered in support of the Motion.  Each and all of these factual allegations must now be treated as conceded.

As the Fourth Circuit has previously instructed to this court, a plaintiff "is entitled to pursue legal and equitable remedies in the alternative." *Amazon.com, Inc. v. WDC Holdings LLC*, No. 20-1743 at 6 (4th Cir. Aug. 31, 2021).

> The parties contest whether Amazon's RICO claims authorized the district court to order preliminary relief. Because Amazon's common law claims for equitable relief support the injunction, we do not address the RICO claims.

*Id*. at 11 n.2.

Further undermining claim splitting as a defense to this injunction and the cause as a whole, the Plaintiff reminds the court that the 2025 *Blocker* Complaint likewise sought equitable relief in the alternative. *LeFande v. Blocker*, 1:25-cv-00054, ECF # 1 at 17. *Amazon* supports Plaintiff's ongoing contention that while the RICO statute does not expressly afford the Plaintiff injunctive relief, RICO simply does not defeat the court's inherent equitable powers to order a Preliminary Injunction. Contrary to *Donohoe Construction Co. v. Montgomery County Council*, 567 F.2d 603, 607 (4th Cir. 1977) as cited in the same *Amazon* footnote above, this court has already found this Plaintiff's RICO claims in the 2025 *Blocker* Complaint to be viable. ECF # 23 at 19-20.

The Defendants attempt to confound this court by ignoring the multiple causes of action pled in the alternative by the Plaintiff intended to amplify his prior call for equitable relief. They confusingly allege that Plaintiff somehow does not respect the court's prior ruling that RICO itself cannot provide an injunction, while failing to explain how his parallel claims are not the proper mechanism to afford him exactly the relief requested, a return of his property and that of CPI, and the restoration of his status as "responsible person", a situation which cannot be perpetuated but for the ongoing and future illegal acts of the Defendants. "[A] preliminary injunction is always appropriate to grant immediate relief of the same character as that which may be granted finally[.]" *Amazon* (2021) at 17 (quoting *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 326 (1999) (quoting *De Beers Consol. Mines, Ltd. v. United States*, 325 U.S. 212, 220 (1945))).

> We reasoned that *Grupo Mexicano* did not address a situation in which equitable remedies were claimed, [*United States ex rel. Rahman v. Oncology Associates*, 198 F.3d 489, 496 (4th Cir. 1999)], and the fact "[t]hat money damages are claimed along with equitable relief does not defeat the district court's equitable powers," *id.* at 498. Because the United States sought cognizable equitable relief and the injunction was a reasonable measure to preserve the *status quo* in aid of the equitable relief claimed, we affirmed.

2

> *Rahman* thus teaches that the district court here retained its equitable authority to preserve the *status quo* pending judgment if Amazon asserted a cognizable claim to specific Northstar assets or sought a remedy involving those assets. See *id*. at 496. That Amazon also claims damages under RICO, breach of contract, and other legal causes of action "does not defeat the district court's equitable powers." *Id*. at 498

*Amazon* (2021) at 11 (footnote omitted, quoted *supra*).[1]

Rule 52 (a)(2) "requires [a district] court to make findings of fact and conclusions of law if it grants or refuses a preliminary injunction." 9C Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2576 at 283 (3d ed. 2008). Rule 8 (b)(6) provides that a factual allegation that is not answered shall be treated as conceded.

> Although the supporting documents annexed to the plaintiffs motion contained a series of factual allegations detailing the defendant's alleged refusal to vacate the premises and the damage sustained by the business in light of her failure to properly manage it, the defendant's response consisted only of a memorandum of law which utterly failed to address or dispute the assertions made by the plaintiff. Under the circumstances, and considering the unrebutted assertions of wrongdoing and alleged imminent and irreparable injury to the kennel's ability to function as a business, it cannot be said that the court improvidently exercised its discretion in granting the plaintiffs application.

*Country Kennel, Inc. v. Booth*, 150 A.D.2d 418, 419 (N.Y. App. 1989).

Given the present failure of the Defendants to address any of the Plaintiff's factual contentions and evidence in support, or his showing of imminent irreparable harm, they are not in any way now entitled to a hearing to rehabilitate these failings. *Aoude v. Mobil Oil Corp.*, 862 F.2d 890, 893 (4th Cir. 1988) (citing *Town of Burlington v. Department of Education,* 655 F.2d 428, 433 (1st Cir. 1981) ("evidentiary hearing not essential where parties exercised ample opportunity to make written submissions and [Defendants] failed to submit affidavits or make offers of proof")). Accord, *Drywall Tapers & Pointers, Local 1974 v. Local 530*, 954 F.2d 69, 76-77 (2d Cir. 1992).

---

1    Unlike *Rahman*, the Plaintiff herein does indeed claim an equitable interest in all property sought to be returned.

The eschewing of an evidentiary challenge to the Plaintiff's allegations is not entirely surprising. Blocker's attorneys are increasingly implicated in her ongoing illegal conduct. This is sourced back to the original retaliatory proceedings in the Prince William County Courts. For more than two years, counsel has been fully appraised of the illegal nature of Blocker's conduct. Their conduct transcends a defense of prior bad acts and amounts to fully facilitating her crimes and fraud.

> A lawyer may not "assist a client[] in conduct that the lawyer knows is criminal or fraudulent." Model Rules of Pro. Conduct r. 1.2(d) (Am. Bar Ass'n 2023). Doing so is beyond the scope of the attorney-client relationship. A lawyer who knowingly assists a client in fraudulent conduct has instead "turn[ed] himself into a coconspirator." *United States v. Farrell*, 921 F.3d 116, 139 (4th Cir. 2019).

*Amazon.com, Inc. v. WDC Holdings LLC*, No. 23-1991 at 25 (4th Cir. September 16, 2025).

The Plaintiff's evidence demonstrates Blocker's conspiracy to have expressly formed by September of 2023. Her counsel's issuance of process and the retaliatory proceedings to prevent the Plaintiff from obtaining his property and that of CPI entrusted to him now stand unequivocally as affirmative acts in furtherance of that conspiracy. The present defense on entirely procedural grounds amply supports Plaintiff's contention that their representation has been compromised by concern for their own implication in this criminal enterprise. The new incredibly conflicted representation of her co-Defendants further aggravates this situation.

## CONCLUSION

For these reasons, the Plaintiff's Motion for a Preliminary Injunction should be GRANTED.

Respectfully submitted this 24th day of July, 2026,

_____
Matthew A. LeFande
PO Box 22
Midland VA 22728
540 346 3760
matthew.lefande@cpi-va.us
PLAINTIFF, *pro se*

## L.R. 83.1 (N)(2) CERTIFICATE

I declare under penalty of perjury that no attorney has prepared, or assisted in the preparation of this document.

_____
Matthew A. LeFande

5

CERTIFICATE OF SERVICE

I hereby certify that I served a true and complete copy of the foregoing Reply Brief to the Defendants' counsel via electronic filing, this 24th day of July, 2026.


Stephen Lofaso
Vanderpool, Frostick & Nishanian PC
9200 Church Street Suite 400
Manassas VA 20110



_____
Matthew LeFande

6