FILED
7/27/2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

**UNITED STATES DISTRICT COURT**
**Eastern District of Virginia – Alexandria Division**

| | |
|---|---|
| MATTHEW A. LeFANDE<br><br>                              Plaintiff,<br><br>v.<br><br>JONA MIKELL BLOCKER, *et al.*<br><br>                              Defendants. | 1:26-cv-1271 (RDA) |

**REPLY IN SUPPORT OF MOTION TO CONSOLIDATE**

The Plaintiff hereby replies to the Defendants' opposition to the Plaintiff's Motion to Consolidate, confusingly entitled Memorandum in Opposition to Plaintiff's Motion for an Injunction.  ECF # 16.  Having now forfeited any evidentiary defense to the litany of frauds and crimes recited in the Plaintiff's Motion for a Preliminary Injunction, the Defendants are reduced to praying for the court's "discretion" to dismiss the cause on a questionable technicality and making a bizarre First Amendment claim.  Counsel for the Defendants expend barely any more effort here than on their ECF # 15 Opposition filed the same day, which amounted to a little more than a page and a half of double spaced text to address Plaintiff's entire Motion for a Preliminary Injunction, the thirteen page Memorandum in Support and thirty-five documentary Exhibits.  Taken together, none of this amounts to any kind of a serious defense to the allegations, either on the merits or procedurally.

1

1. **The Defendants fail to address the fundamental deficiencies in their claim splitting defense.**

In response to the Defendants' demand the cause be dismissed for claim splitting, the Plaintiff has raised four deficiencies in this claim. First, there are multiple causes of action arising from events which post-date the 1:25-cv-54 *Blocker* Complaint. Defendants fail to explain how the Plaintiff was required to foresee the future criminal and tortious conduct of the Defendants and incorporate these claims into the 2025 Complaint. Likewise, the 2026 Complaint contains allegations from evidence predating the 2025 Complaint, sought by the Plaintiff in March of 2024, but unlawfully withheld by the Bureau of Alcohol, Tobacco, Firearms and Explosives until after the filing of the 2025 *Blocker* Complaint. The 2026 Blocker Complaint also adds two new Defendants, implicated for the most part in events post dating the 2025 *Blocker* Complaint. And finally, there has been almost no activity in the 2025 case, but for a ruling on the Motion to Dismiss largely in the Plaintiff's favor.

"To determine whether a plaintiff is claim-splitting, [t]he proper question is whether, assuming the first suit was already final, the second suit would be precluded under res judicata analysis." *Clayton v. District of Columbia*, 36 F. Supp. 3d 91, 94 (D.D.C. 2014) (internal quotation marks and citation omitted). The Defendants fail to address whatsoever how events postdating the 2025 Complaint or claims against persons not party to the 2025 Complaint could in any way be precluded from being sued at a later date.[1] These points must now be treated as conceded.

---

[1] While certainly as good looking and charming, the Plaintiff is not Tom Cruise and this is not the 2002 film *Minority Report*. The Plaintiff simply lacked the ability to charge the Defendants with crimes they had not yet committed.

> While claim splitting and the principles of res judicata prohibit a [plaintiff] from prosecuting its case piecemeal, a party is not barred from bringing in a subsequent action those claims that could not have been included in the original suit — even if they are related, or arise out of, the previously filed claim.

*Highland Construction Management Services, LP v. Wells Fargo*, 569 B.R. 673, 683 (E.D. Va. 2017) (quoting *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 329 F.Supp.2d 574, 579 (D. Md. 2004)).

> Like most rules in the law, the general rule of res judicata has limits and exceptions.  One limit is that res judicata does not apply to claims that accrued after the prior suit was filed.  *Smith v. Potter*, 513 F.3d 781, 783 (7th Cir. 2008).  There is also an exception for claims that were expressly reserved by the prior court for later adjudication.  *Central States, Southeast and Southwest Areas Pension Fund v. Hunt Truck Lines, Inc.*, 296 F.3d 624, 629 (7th Cir. 2002); see also *Sklyarsky v. Means-Knaus Partners, L.P.*, 777 F.3d 892, 896 (7th Cir. 2015).

*Jack Cooper v. Retrieval Masters Creditors*, 42 F.4th 688 at 13-14 (7th Cir. 2022).

> This treatment of newly accrued claims is an important limit on res judicata.  But it can be difficult for parties or their lawyers to know whether it will apply until they file a second lawsuit…  Cooper had two options for pursuing his new claim based on RMCB's convenience fee: (1) move to supplement or amend *Cooper I*, or (2) file a new lawsuit, which we have advised parties they may do for newly accrued claims.

*Id*. at 14-15 (citing *Doe v. Allied-Signal*, 985 F.2d 908, 915 (7th Cir. 1993)).

> In *Horia v. Nationwide Credit & Collection, Inc.*, 944 F.3d 970 (7th Cir. 2019), we considered whether the plaintiff's second suit was precluded by the judgment in a prior suit, against the same defendant for a similar violation of the FDCPA.  We held that the second suit was not barred.  *Id.* at 974.  Under the FDCPA, we explained: "Discrete and independently wrongful acts produce different claims, even if the same wrongdoer commits both offenses and the second wrong is similar to the first." *Id.*  The parties and statutory violations were the same in the two *Horia* cases, but the debts were different and owed to different creditors.  The defendant's failure to comply with the FDCPA thus caused a separate injury associated with each debt, and the second suit was not precluded by the first.

*Id*. at 16.

The Defendants are then left with some kind of defense that new claims against existing Defendants which predate the 2025 Complaint should be dismissed against them.   The fundamental failing with the Defendant's claim regarding claims predating the 2025 Complaint is

3

any such cause of action is either a pleading in the alternative to the existing claims or alludes to facts unknown to the Plaintiff at the time.

The 2025 Complaint specifically stated "There being an inadequate remedy at law, the Plaintiff asks for equitable relief". *LeFande v. Blocker*, 1:25-cv-54, ECF # 1 at 17 (E.D. Va. 2025). The court's denial of injunctive relief under RICO in the face of this prayer for equitable relief appears to directly conflict with the Fourth Circuit's instruction to this court in *Amazon.com, Inc. v. WDC Holdings LLC*, No. 20-1743 (4th Cir. Aug. 31, 2021). A plaintiff "is entitled to pursue legal and equitable remedies in the alternative." *Id*. at 6.

> The parties contest whether Amazon's RICO claims authorized the district court to order preliminary relief. Because Amazon's common law claims for equitable relief support the injunction, we do not address the RICO claims.

*Id*. at 11 n.2.

This issue was raised to this court by the Plaintiff in November 2025, but seemingly ignored to the present day.

> The court's present posture regarding injunctive relief indeed brings the specter of incomplete relief, and the prospect of ongoing violations and injuries to the Plaintiff absent the court's direct intervention. This leads us astray from the third *Spokeo* test for standing. It is indeed a curious proposition, that this court can punish the Defendants under RICO, yet is somehow infirm in its *inherent authority* to enjoin the ongoing illegal conduct of the Defendants. Indisputably, both the court and this Plaintiff are presently beholden to the Fourth Circuit's ruling, albeit a position apparently not shared by other circuits examining this issue. This dilemma is obviously immediately remedied by the granting of leave to file an amendment to the Complaint, to incorporate common law and state law parallel claims under pendent jurisdiction and mooting the need to later force the injunction issue at the appellate level.

*Blocker*, 1:25-cv-54, ECF # 26 at 6.

> As previously recited, the Plaintiff herein reasonably believed at the time of filing that § 1964 (a) and (c) would afford him a complete remedy. Given this circuit's unique interpretation of the statute, that now does not appear to be the case. This Plaintiff faces no statute of limitations issue or otherwise obtaining personal jurisdiction over the Defendants again. He would simply be left with refiling the case, paying a fee again and re-serving the Defendants to accomplish what should be done with a first amendment to this Complaint. "We can conceive of no reason for such judicial volleyball." *Calvin Ki*

4

> *Sun Kim v. United States*, 707 F.3d 335, 336-337 (D.C. Cir. 2013) (quoting *Stanton v. DC Court of Appeals*, 127 F.3d 72, 77 (D.C. Cir. 1997)). To dismiss the Complaint when the amendment so obviously remedies any deficiency would be completely antagonistic to the court's responsibilities under Rule 15(a)(2) that it "should freely give leave when justice so requires."

*Id*. at 7-8.

Should the court dismiss the new Complaint for whatever reason, the Plaintiff will immediately file for leave to amend and supplement the 1:25-cv-54 Complaint and will likewise appeal the denial of the Preliminary Injunction in the present case. Absent the court eschewing the direction of Rule 15 (a)(2), the end result will be the same 2026 Complaint, albeit with a different case number and title. Given the dilatory history of the 2025 *Blocker* case, the Plaintiff was left with no choice but to now file a separate Complaint and move for an injunction nearly a year and a half after the first case was filed.

Upon the passing of June 1, 2026, the Plaintiff needed to force the issue before he was unjustly prosecuted for a crime he did not commit, rather than wait cap in hand for the court to grant him leave and begin the process anew. This is not an instance of claim-splitting, the Plaintiff instead is trying to get his claims properly before the court in the face of rulings which appear to conflict with controlling authorities and otherwise endless silence from the bench. Nothing within the circumstances of this procedural history nor the uncontroverted crimes and frauds which continue to be perpetrated by the Defendants militate the court's discretion to dismiss the case.

### 2. The First Amendment is not a defense to crimes and the conspiracy thereof.

> A separate category of unprotected speech is that which facilitates or solicits a particular crime. "Facilitation—also called aiding and abetting—is the provision of assistance to a wrongdoer with the intent to further an offense's commission." *United States v. Hansen*, 59 U.S. 762, 771 (2023). Speech constituting facilitation may be proscribed without offending the First Amendment because liability in such cases is not premised on

mere advocacy of crime; rather, it relies on defendants' "successful efforts to assist others by detailing to them the means of accomplishing the crimes." *Rice v. Paladin Enters., Inc.*, 128 F.3d 233, 246 (4th Cir. 1997).

*United States v. Ali Al-Timimi*, 14-4451 at 15 (4th Cir, January 9, 2026)(citation omitted).

> Solicitation is "the intentional encouragement of an unlawful act." *Hansen*, 599 U.S. at 771. Such speech "intended to induce or commence illegal activities" enjoys no First Amendment protection. [*United States v. Williams*, 553 U.S. 285, 298 (2008)]. The Supreme Court has long recognized that speech constituting "an integral part of conduct in violation of a valid criminal statute" is unprotected because of its nature as inseparably bound up with the criminal act. *Giboney v. Empire Storage & Ice Co.*, 336 U.S. 490, 498 (1949).

*Id*. at 16.

"Causes of action for defamation have their basis in state common law but are subject to principles of freedom of speech arising under the First Amendment to the United States Constitution and Article I, Section 12 of the Constitution of Virginia." *Steele v. Goodman*, 382 F. Supp. 3d 403, 420 n.50 (E.D. Va. 2019) (quoting *Yeagle v. Collegiate Times*, 497 S.E.2D 136, 137 (Va, 1998)). "Defendants can be held liable for defamation when a negative characterization of a person is coupled with a clear but false implication that the [speaker] is privy to facts about the person that are unknown to the general [listener]." *Id*. at 419 (quoting *Baylor v. Comprehensive Pain Mgmt. Ctrs., Inc.* , No. 7:09cv00472, *2011 WL 1327396*, at *11 (W.D. Va. Apr. 6, 2011) (quoting Robert D. Sack, *Sack on Defamation: Libel, Slander, and Related Problems* § 4:3.2 (4th ed. 2010))).

> Herein, most of the Defendants' statements complained of are defamatory *per se*.

> On February 7, 2024, Defendant Blocker falsely reported to the Prince William County Police that LeFande had stolen three firearms from her.

ECF # 1 at 11.

> On June 15, 2024, two days before Defendant Blocker's trial in Prince William Circuit Court for LeFande's Domestic Protection Order against her, Blocker and Defendant Gudz falsely claimed to Annette Elliott, the organizer of the Nation's Gun Show in Chantilly, Virginia, that Blocker instead had a domestic protection order against LeFande and that

he was stalking her by being present at the same show he had been otherwise attending for nearly twenty years. Blocker repeated this claim to Virginia State Police Trooper Christopher Ihara at the show location.

*Id*. at 14.

The Defendants further stated "[LeFande] is a lunatic psychopath that steals from people – he stole this parts kit – it doesn't belong to him."
…
Defendants further stated "The kit is stolen property. [OP] committed larceny, and now he is trying to sell the kit."

*Id*. at 16.

On that date, the Defendants utilizing eBay account joewieser40 posted a fake sales listing identical to one previously posted by LeFande on the official CPI eBay account for the sale for $4,500.00 of Motorola radios described in Defendant Allen's letter of October 10, 2024. The description of the fake eBay sales listing falsely claimed LeFande had stolen the radios.

*Id*. at 17.

On November 1, 2024, the Defendants using account Civil-Place-5099 again posted on Reddit "It's important that no one allow [LeFande] to build a kit for them. He has lost his ability to manufacture and is no longer an SOT. He's also a thief."

*Id*. at 18.

In April of 2025, the February 13, 2025 ATF letter to LeFande became public over his objections. The Defendants began repeatedly publishing the letter on file sharing websites shortly thereafter. The letter was known to the Defendants to be false and defamatory and was published specifically for the purpose of injuring LeFande in his trade and profession.
…
In July of 2025, the Defendants began emailing various FFL dealers, some of whom were previously unknown to LeFande, and provided links to the letter.

*Id*. at 22, referencing Pl.'s Ex. AA.

It seems that the only cause for the Defendants to be speaking to each other or to speak about the Plaintiff is to facilitate their crimes.  None of them have any authority to speak on behalf of CPI.  Counsel for Defendants make no attempt to develop any argument that this amounts to protected speech or that there is some kind of associational interest in committing

7

crimes.   If the Defendants indeed wish to further their own associational interests, they can form

their own non-profit.  They don't need to steal the Plaintiff's.

### 3. The Defendants protest, but fail to make any argument on, this court's jurisdiction over the common law and state law claims.

> [T]he law requires an independent federal jurisdictional analysis of each individual case regardless of consolidation.

ECF # 16 at 2 (citing *Capps v. Newmark S. Region, LLC*, 53 F.4th 299, 302-303 (4th Cir. 2022)).

> The standing issue may deprive this Honorable Court of subject jurisdiction because no federal issue would be present and the parties do not have diversity of citizenship such that Mr. LeFande could invoke this Honorable Court's diversity jurisdiction.

*Id.*

> The Plaintiff has never invoked diversity jurisdiction and has never had cause to do so.

> The Plaintiff further brings additional claims arising under common law and Virginia Commonwealth statutory law, including Code of Virginia § 18.2-500.
> …
> Such claims arise from the same transactions and occurrences as the federal claims referenced above as to form part of the same case and controversy under Article III of the United States Constitution.
> …
> No claim herein raises any novel or complex issue of state law.
> …
> No state law claim herein predominates over the federal claims which this court maintains original jurisdiction.
> …
> Under 18 U.S.C. § 1367, the United States District Court shall have supplemental jurisdiction over these non-federal claims against each of the Defendants.

ECF # 1 at 3.

The Defendants make no argument against supplemental jurisdiction of the common law

and state law claims, only as to diversity jurisdiction.  RICO charges stand independently against

each Defendant individually, the underlying RICO predicates have already been acknowledged

8

by this court and there is no meaningful argument to the contrary herein.  These issues must be

treated as conceded.  The Defendants' present citation to *Capps*, *supra*, stands as yet another

vexatious red herring argument, now about diversity of citizenship in consolidated cases.  *Capps*

offers no guidance as to this court's treatment of related pendent claims where there remains

irrefragable federal question jurisdiction as to each Defendant.  This line of argument is a wholly

improper attempt to distract from the merits of both the cause and the pending motions and must

be disregarded.

CONCLUSION

For these reasons, the Plaintiff's Motion to Consolidate should be GRANTED

Respectfully submitted, this 27th day of July, 2026,

_____
Matthew A. LeFande
PO Box 22
Midland VA 22728
540 346 3760
matthew.lefande@cpi-va.us
PLAINTIFF, *pro se*

9

L.R. 83.1 (N)(2) CERTIFICATE

I declare under penalty of perjury that no attorney has prepared, or assisted in the preparation of this document.

_____
Matthew A. LeFande

CERTIFICATE OF SERVICE

I hereby certify that I served a true and complete copy of the foregoing Reply Brief to the Defendants' counsel via electronic filing, this 27th day of July, 2026.

Stephen Lofaso
Vanderpool, Frostick & Nishanian PC
9200 Church Street Suite 400
Manassas VA 20110

_____
Matthew LeFande