**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)**

| | |
|---|---|
| MATTHEW A. LEFANDE,        ) | |
|        ) | |
| Plaintiff,        ) | |
|        ) | |
| v.        ) | Case No. _____1:26-cv-01271_____ |
|        ) | |
| JONA MIKELL BLOCKER, et al.        ) | |
|        ) | |
| Defendants.        ) | |
|        ) | |

**BRIEF IN REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

COME NOW, the Defendants, Jona Mikell Blocker, Floyd Plater Allen, Robert Joseph Gudz, and William A. White, by and through counsel, pursuant to Local Rule 7, and file this Brief in Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss:

## I.  Plaintiff's Attacks on Defendants' Motion Highlight His Complaint's Deficiencies

Mr. LeFande's attacks on Plaintiff's memorandum highlight the deficiencies in his complaint.  Mr. LeFande emphasizes the deficiencies in his allegations by failing to address or otherwise counter the arguments the Defendants advance in their motion to dismiss.  For example, Mr. LeFande does not address the lack of standing he has regarding both the RICO claim and the derivative state claims.  Moreover, Mr. LeFande similarly does not address the duplicity of allegations contained in both the initial 2025 suit and the current 2026 suit or why factual allegations that occurred before 2025 should not be barred in the 2026 suit as claim splitting.  Additionally, Mr. LeFande never addresses the fact that many of the allegations seek redress for damages to CPI's property or CPI's interests, not his own.  As these examples illustrate, Mr.

LeFande's opposition to Defendants' Motion only illuminates the deficiencies contained in his complaint for which the law requires dismissal.

II.      **Plaintiff's Arguments Do Not Alleviate the Complaint's Deficiencies**

    A.      **Claim Splitting**

Mr. LeFande argues his latest complaint does not contain any splitting of claims.  Mr. LeFande, however, does not deny that he bases his state law claims upon allegations of wrongdoing which took place prior to the filing of his 2025 lawsuit.  Mr. LeFande cannot deny this because the allegations of wrongdoing upon which he bases his state law claims were explicitly alleged and included in his 2025 lawsuit.  Mr. LeFande, nonetheless, still maintains he has not engaged in impermissible claim splitting.  This omission shows Mr. LeFande lacks argument to support his filings.    Accordingly,  the  law  requires  Defendants'  motion  be  granted  as  Plaintiff  has impermissible split claims.

    B.      **Derivative Claims**

Mr. LeFande argues that his Complaint states a claim for derivative relief.  Nonetheless, he does not address the fact that the Complaint does not name CPI as either a plaintiff or a defendant.  Additionally, he never reconciles how the Complaint can state a derivative claim when heonly seeking relief for him individually and not CPI.   Finally, Plaintiff never alleged or issued a derivative demand as Virginia law requires nor explains why he never issued such demand.  *See.* Va. Code §§ 13.1-672.1; 13.1-852.3 (Effective 7/1/2027).  As such, Mr. LeFande has not stated any derivative claims, does not have standing to bring a derivative claim, and any claims belonging to CPI which Plaintiff seeks to allege should be dismissed.

## C.    RICO Claims

Mr. LeFande does not address Defendants' challenge of his RICO claim.  Instead, Mr. LeFande raises ethical issues regarding defense counsels' representation of their clients.   Mr. LeFande's disparagement of counsel accentuates his lack of a persuasive argument. First, Mr. LeFande admits the allegations of economic damage pertain to CPI, not him individually.  "The Plaintiff herein alleges that the Defendants have converted hundreds of thousands of dollars of property *belonging to CPI*" (Dkt. 17 at p. 9) (emphasis added).  Next, Mr. LeFande admits CPI is entitled to some relief, thus admitting it is the real party allegedly damaged according to his claims. "Plaintiff is entitled to claim for himself *and CPI*". (Id at p. 10) (emphasis added).  As such, Mr. LeFande admits he lacks standing, fails to state a claim, and that Defendants' motion to dismiss should be granted.

## D.    State Claims

Mr. LeFande's arguments in support of his allegations for his state law claims do not fair much better than his arguments in support of his RICO claim.  Mr. LeFande consistently fails to address some of the most glaring errors and deficiencies in his complaint. For example, Mr. LeFande never addresses the fact that the allegations supporting his state law claims pre-date his 2025 filing. Mr. LeFande  underscores the weakness of his position by failing to address Defendants' arguments.  It is for these reasons, Defendants' Motion to Dismiss should be sustained.

### i.    Statutory Conspiracy to Injure Business

Mr. LeFande fails to address the allegation that he never alleges an unlawful purpose or illegal action after the 2025 lawsuit upon which he bases his state law claims.  Mr. LeFande's failure to address this issue highlights his improper allegations.   The fact remains Mr. LeFande

mentioned the alleged September 22, 2023 "drugging" incident, trespass notices, etc., in his 2025 lawsuit. See. LeFande v. Blocker, et al. 1:25-cv-0054, Dkt. 1 ¶¶ 30 – 36. As such, these claims could have been included in the first complaint and constitute impermissible claim splitting.

### ii. Common Law Fraud

Mr. LeFande does not address the fact that his claim fails to allege the plaintiff relied upon a false statement of material fact. Instead, Mr. LeFande engages in machinations on how first-party reliance is not an element of the cause of action. Mr. LeFande cites *Bridge v. Phoenix Bond & Indem. Co.*, 553 Us. 639 (2008) for his argument that a claim for common law fraud under Virginia law does not require reliance by the party damaged. *Bridge*, however, does not discuss Virginia common law or the law of Virginia. Instead, *Bridge* is inapposite to the issue at hand as it discusses RICO liability not liability under Virginia common law fraud. Virginia law requires reliance by the party misled and damaged as an essential element of the claim. *Winn v. Aleda Constr. Co.*, 227 Va. 304, 308 (1984). Mr. LeFande never alleges he relied upon the misrepresentation. As such, he fails to state a claim. Moreover, Mr. LeFande relies upon allegations which pre-date his 2025 complaint. Once again, Mr. LeFande's reliance upon facts pre-dating his 2025 complaint constitute impermissible claim splitting.

### iii. Conversion

Mr. LeFande does not deny that he bases his claim upon allegations involving CPI property. Instead, he adds allegations about his father's property not mentioned or alleged in his Complaint. (Dkt. 17, p. 16). Furthermore, he does not deny that the allegations pre-date his 2025 complaint or that his allegations constitute impermissible claim splitting. As such, Mr. LeFande's claim for conversion should be dismissed.

4

### iv.    Assault, Conspiracy, and Detinue

Mr. LeFande does not contest Defendants' argument that the allegations upon which he bases his claims for Assault, Conspiracy, and Detinue all pre-date his 2025 filing. Additionally, the claims rely upon the same allegations contained in his 2025 lawsuit. As such, these claims should be dismissed for impermissible claim splitting. Moreover, Mr. LeFande does not deny that he fails to identify a specific tort upon which he relies in alleging the Defendants' conspired. For these two reasons, Plaintiffs claims for assault, conspiracy, and detinue should be dismissed.

### v.    The Defamation Claims

Mr. LeFande does not address Defendants' arguments regarding his claim for defamation pro quod. Consequently, Defendants request this Court grant their motion to dismiss that claim. Regarding the per se claim, Mr. Le Fande does not deny that he fails to identify with specificity the statements allegedly containing the defamatory communication he deems actionable. *Bennett v. Lundh*, 85 Va. App. 136, 143-144 (2025). Mr. LeFande failed to do this and as such his claims should be dismissed. Moreover, he does not deny that the allegations pre-date his 2025 complaint or that his allegations constitute impermissible claim splitting.

### vi.    Breach of Fiduciary Duty

Mr. LeFande does not counter Defendants' argument regarding the fact that the Defendants do not owe him a fiduciary duty. Mr. LeFande does not address this issue. Instead, Mr. LeFande ignores this factual deficiency. Defendants do not owe Mr. LeFande any fiduciary duties notwithstanding Mr. LeFande's argument he states a claim. As suc, no claim can be stated as a matter of law. Moreover, Mr. LeFande does not deny that the allegations pre-date his 2025 complaint or that his allegations constitute impermissible claim splitting. As such, this claim should be dismissed.

### vii.    The Tortious Interference Claims

Mr. LeFande argument against dismissal equates to an argument for derivative standing to sue for potential losses to CPI's business.   Mr. LeFande cannot recover for losses allegedly sustained by CPI.   Moreover,  Mr. LeFande does not deny that the allegations pre-date his 2025 complaint or that his allegations constitute impermissible claim splitting.   As such, these claims should be dismissed.

### viii.    Trespass to Chattels & Slander to Title Claim

Mr. LeFande, once again, fails to counter Defendants' argument.   Instead, Mr. LeFande besmirches Defense counsel.   This personal attack on counsel is tantamount to an admission regarding the correctness of Defendants' position.   Regarding the trespass claim, Mr. LeFande has consistently identified CPI as his property.   He also alleges CPI property as being converted or used without authority.   Mr. LeFande's failure to identify clear ownership of the property he alleges to have been interfered with precludes a claim for trespass cannot Defendants cannot be on notice of his true claim.   Additionally, the value of the property allegedly "not stolen" does not equate to the type of damages recoverable under Virginia law for slander of title. *See. Bison Bldg. Co., LLC v. Brown*, 70 Va. Cir. 348 (2006).   Therefore, Mr. LeFande fails to state a claim for these counts.

## III.    Prayer

WHEREFORE, Defendants Jona Mikell Blocker, Floyd Plater Allen, Robert Joseph Gudz, and William A. White, by and through counsel, humbly request this Honorable Court grant their Motion to Dismiss Plaintiff Matthew LeFande's suit with prejudice and grant such other relief this Honorable Court deems just and proper.

6

Respectfully submitted,

JONA MIKELL BLOCKER,
FLOYD PLATER ALLEN,
ROBERT JOSEPH GUDZ, and
WILLIAM A. WHITE,
By Counsel

_____/s/_____
Stephen D. Lofaso, Esq., (VSB No. 76992)
Collin C. Crookenden, Esq. (VSB No. 93455)
VANDERPOOL, FROSTICK & NISHANIAN, P.C.
9200 Church Street, Suite 400
Manassas, Virginia 20110
(P):    (703) 369-4738
(F):    (703) 369-3653
(E):    lofasofilings@vfnlaw.com
(E):    ccrookenden@vfnlaw.com
*Counsel for Defendants Blocker, Allen, Gudz, and White*

## CERTIFICATE OF SERVICE

I certify that I that have electronically file the foregoing with the Clerk of the Court using the CM/ECF system and will then send the foregoing via U.S. Mail this 27th day of July 2026 to:

Matthew A. LeFande
P.O. Box 22
Midland, Virginia 22728
*Plaintiff pro se*

_____/s/_____
Stephen D. Lofaso, Esq.

7